# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY DUFFIELD, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-18-739-SLP |
| WARDEN BEAR, | ) ) ) |
| Respondent. | ) |

## **O R D E R**

Petitioner Wesley Duffield, a state prisoner appearing pro se, has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. No. 1]. Before the Court is the Supplemental Report and Recommendation ("R. & R.") [Doc. No. 9] issued by U.S. Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review[1] Judge Purcell recommends the § 2254 Petition be dismissed as untimely. Judge Purcell finds the claims in the Petition are subject to the limitations period in 28 U.S.C. § 2244(d)(1)(A) and that the claims do not qualify for statutory or equitable tolling of the applicable limitations period. *See* R. & R. 5-12, Doc. No. 9.

Petitioner timely filed an Objection [Doc. No. 10] to the R. & R. The Court reviews de novo any portion of the R. & R.to which Petitioner has made specific objection. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court (authorizing dismissal of a § 2254 petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court").

In the Objection, Petitioner claims that "the doctrine of res-judicata/collateral estoppel" bars Judge Purcell's recommendation and determination that Petitioner's claims are time-barred by § 2244(d)(1)(A). Petitioner asks the Court to consider various authorities related to (i) Executive Order No. 13781 (Mar. 13, 2017)[2], (ii) *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *cert. granted*, 138 S. Ct. 2026 (2018), and (iii) whether the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to actual innocence claims. None of the indicated authorities provide support for granting habeas relief based on Petitioner's § 2254 Petition.

Upon de novo review, the Court fully concurs with the analysis set forth in the R. & R. The Court's order dismissing Petitioner's § 2241 Petition in a prior case did not "toll[] AEDPA," "remove[] state impediments to [§ ]2254," or "address[ the] facts of [Petitioner's] claims[ and find] them true." Pet. 5, Doc. No. 1;[3] *see also* R. & R. 3-4, Doc. No. 9. And Petitioner has not alleged any basis for statutory or equitable tolling of the otherwise-expired limitations period that applies to his claims. Petitioner identifies no factual or legal bases that render the Judge Purcell's determinations inaccurate or

---

[2] Petitioner refers the Court to, among other authorities, meetings conducted by the Bureau of Indian Affairs in August 2018. *See* Obj. 1. Petitioner's references appear to be to transcripts of consultations conducted by the Bureau of Indian Affairs regarding a potential reorganization of the U.S. Department of the Interior as spurred by Executive Order No. 13781. The Court's review of the meeting transcripts (*available at* https://www.bia.gov/as-ia/raca/doi-reorganization) reveals that they do not bear on Petitioner's § 2254 Petition.

[3] The Court utilizes the page numbers imposed by the CM/ECF system in its citations to Petitioner's § 2254 Petition, not those located at the bottom of Petitioner's filing.

disputable. Accordingly, Petitioner's § 2254 Petition will be dismissed upon preliminary review.

As to *Murphy*, the Court concurs with Judge Purcell's summary on the Tenth Circuit's decision therein: "[T]he *Murphy* opinion did not create new law but instead served to clarify whether a particular area of land in Oklahoma was considered Indian country." R. & R. 7, Doc. No. 9; *accord Canady v. Bryant*, No. CIV-18-677-HE, 2018 WL 3812250, at *1 (W.D. Okla. Aug. 10, 2018) ("*Murphy* did not conclude that *all* reservations in Oklahoma continue to exist. Rather, it explicitly recognized that the status of particular reservations is determined on a case-by-case basis."), *appeal filed*, No. 18-6148 (10th Cir. Aug. 17, 2018). *Murphy* addressed crimes occurring within the reservation of the Muscogee (Creek) Nation. In this case, Petition does not allege any relationship between the crime he was convicted of and the Creek Reservation at issue in *Murphy*. *See* Pet., Doc. No. 1. And, even if the events underlying Petitioner's criminal conviction occurred in Indian country, the issuance of the *Murphy* opinion by the Tenth Circuit does not provide an exception to the applicable statute of limitations for Petitioner's claims.

As to applying AEDPA's statute of limitations to and the possibility of equitable tolling for actual innocence claims, the Court concurs with Judge Purcell's analysis that Petitioner's § 2254 Petition does not assert an actual, *factual* innocence claim, so AEDPA's application is not an issue raised by Petitioner's § 2254 Petition. *See* R. & R. 11-13, Doc. No. 9.

Finally, the Court finds a hearing to be unnecessary. *See McQuiggin v. Perkins*, 569 U.S. 383, 400 (2013) ("[F]rivolous petitions should occasion instant dismissal.").

Petitioner provides no authority for his assertion that a hearing is necessary under the circumstances of this case.

IT IS THEREFORE ORDERED that the Supplemental Report and Recommendation [Doc. No. 9] is ADOPTED in its entirety. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 is DISMISSED.

A separate judgment of dismissal will be entered contemporaneously to this Order.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a Certificate of Appealability is DENIED. When a habeas petition is denied on procedural grounds, a petitioner is entitled to a COA only if he demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Jimenez v. Quarterman*, 555 U.S. 113, 118 & n.3 (2009) (treating decision dismissing habeas petition as time-barred as a procedural ruling for purposes of the COA standard). Where a habeas petition is denied on the merits, Petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his[] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has not made either showing. Therefore, a COA is denied. This denial shall be included in the judgment.

IT IS SO ORDERED this 13th day of May, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE